## Hecht's Estate

Before Van Dusen, P. J.; Sinkler, Klein, Bolger, Ladner and Hunter, JJ.

*Philip Richman,* for petitioner.

*Cuthbert H. Latta,* contra.

KLEIN, J., June 21, 1946.—These proceedings are a continuation of the protracted litigation carried on by Herman L. Hecht, surviving husband of Mary W. Hecht, testatrix, and her three children by a former marriage, over the disposition of her household effects and personal belongings. Mr. Hecht claims that he is entitled, under an agreement made with counsel for the executors, to two rings, a brooch, and four $25 United States Savings Bonds, Series E. To obtain possession of these articles he has filed a petition upon which a citation was granted, directed to Girard Trust Company of Philadelphia, one of the executors, to show cause why it should not deliver these articles to him. Preliminary objections were filed to this petition.

There is serious doubt as to whether this procedure is proper practice, in view of the fact that petitioner has failed to file exceptions to the adjudication confirming the executors' account or the schedule of distribution which has been duly approved by the court. But even if we have the right to pass upon the subject matter of this controversy, it is obvious that petitioner cannot select the corporate fiduciary as his adversary and omit as respondents the co-executrix and the other children of the testatrix, who are the real parties in interest. One of the basic and fundamental rules of practice in the orphans' court is that in proceedings begun by petition for citation, all parties in interest who may be affected by the litigation must be joined as parties respondent. See Foulke's Estate, 50 D. & C. 478 (1944).

The preliminary objections are therefore sustained. Leave is granted petitioner to file an amended petition within 30 days from the date of this opinion, or to institute such other proceedings as he deems proper under the circumstances.